# IN THE U.S. DISTRICT COURT
## FOR THE EASTERN DISTRICT OF VIRGINIA
### (Richmond Division)

| | |
|---|---|
| **LOANDEPOT.COM, LLC** * | |
|   and  * | |
| **TRUSTEE SERVICES OF VIRGINIA, LLC** * | |
|     *Plaintiffs,*  * | |
| v.  * | **Civil Action No: 3:24-cv-00681** |
| * | |
| **SECRETARY OF DEPARTMENT OF** * | |
|   **HOUSING AND URBAN DEVELOPMENT*** | |

*Serve:* The Honorable Jessica D. Aber,   \*
      U.S. Attorney for the Eastern District of Virginia\*
*at:*   2100 Jamieson Avenue   \*
      Alexandria, Virginia 22314   \*
*And serve via Certified Mail:*   \*
      The Honorable Merrick B. Garland,   \*
      Attorney General of the United States   \*
      950 Pennsylvania Avenue   \*
      Washington, D.C. 20530-0001   \*
*And serve via Certified Mail:*   \*
      The Honorable Adrianne Todman,   \*
      Acting Secretary of Housing and Urban Development\*
      451 7th Street, S.W.   \*
      Washington, D.C. 20410-0001   \*

**DeANDRA MONAE DANZEY**   \*
*Serve at:*   15620 Cedarville Drive   \*
      Midlothian, Virginia 23112   \*

**SAMUEL I. WHITE, P.C.**   \*
*Serve:* William Adam White, registered agent   \*
*at:*   448 Viking Drive Suite 350   \*
      Virginia Beach, Virginia 23452   \*

**BRIARWOOD COURT ASSOCIATES LLC\***
*Serve:* Allison T. Domson, registered agent   \*
*at:*   200 South 10th Street Suite 1600   \*
      Richmond, Virginia 23218   \*

  and   \*

**ROUNTREY COMMUNITY ASSOCIATION INC\***
*Serve:* Michael W. Solodar, registered agent   \*
*at:*   4825 Radford Avenue Suite 201   \*
      Richmond, Virginia 23230   \*
        *Defendants.*   \*

## COMPLAINT FOR A JUDICIAL SALE

COME NOW the Plaintiffs by counsel, hereby respectfully requesting that this Honorable Court enter an order authorizing a judicial sale for the real property commonly known as 15620 Cedarville Drive, Midlothian, Virginia, and more fully described in paragraph 13 of this Complaint (hereinafter "Property"), pursuant to the authority granted by 28 U.S. Code § 2201 and, in support thereof, state as follows:

1. This Complaint is a request for a judicial sale that is necessitated by there being a "Partial Claim Deed of Trust" recorded in the chain of title for the Property.

2. Said Partial Claim Deed of Trust is a junior lien and provides a security interest to the Secretary of the U.S. Department of Housing and Urban Development for the repayment of a promissory note that is payable to the Secretary.

3. The Plaintiffs, respectively, are the current holder of the original Note and the substitute trustee of the Deed of Trust securing a May 31, 2022 mortgage loan that encumbers the Property.

4. The Plaintiffs respectfully request that the Property be sold via a judicial sale in order to satisfy the balance of the May 31, 2022 mortgage loan, which is in default for nonpayment.

### PARTIES

5. LoanDepot.com, LLC (hereinafter "LoanDepot") is a California registered limited liability company that provides and services residential mortgage loans nationwide.

6. LoanDepot has its principal place of business in Foothill Ranch, California and is registered with the Virginia State Corporation Commission.

7. Trustee Services of Virginia, LLC is a limited liability company registered with the Virginia State Corporation Commission and is the appointed Substitute Trustee of the May 31, 2022 Deed of Trust securing LoanDepot.

8. The U.S. Department of Housing and Urban Development (HUD) is an agency of the

United States Government.

9.The Secretary of HUD is the obligee of a promissory note secured by a Partial Claim Deed of Trust recorded in the chain of title for the Property.

10.DeAndra Monae Danzey is the current owner of record of the Property. Upon information and belief, she is a resident of the Commonwealth of Virginia.

## JURISDICTION AND VENUE

11.Jurisdiction is proper pursuant to 28 U.S. Code § 1331, 28 U.S. Code § 2410, and 28 U.S. Code § 1346 as an agency of the United States is a named defendant and a necessary party.

12.Venue is proper in this Court under 28 U.S.C. § 1391(a)(1) because the Property at issue is situate within the boundaries of the Richmond Division of the United States District Court for the Eastern District of Virginia.

## FACTUAL ALLEGATIONS

13.Via a "Virginia Special Warranty Deed" executed May 31, 2022, DeAndra Monae Danzey (hereinafter "Danzey") became the owner of record of the real property legally described as,

> All that certain lot, piece or parcel of land with improvements thereon and appurtenances thereunto belonging, lying and being in Chesterfield County, Virginia, being known, numbered and designated as Lot 65, Section 3, NewMarket as duly dedicated, platted in Plat Book 266, Pages 73-83 and amended in Plat Book 267, Pages 32-41, in the Circuit Court Clerk's Office of Chesterfield County, Virginia,

and commonly known as 15620 Cedarville Drive, Midlothian, Virginia (hereinafter "Property").

14.Said Deed is recorded among the land records of the Chesterfield County Circuit Court in Deed Book 13977 at page 0860 as Instrument # 220024906, and a true and accurate copy thereof is attached hereto as **Exhibit A**.

15.In order to purchase the Property, Danzey entered into a purchase-money mortgage loan on May 31, 2022 with LoanDepot.com, LLC (hereinafter "LoanDepot").

16. As part of that purchase-money mortgage loan, Danzey executed a Note for $500,633.00, payable to LoanDepot, and a "Deed of Trust" granting a security interest in the Property to the named beneficiary of the Deed of Trust.

17. The Deed of Trust granted a security interest in the Property to ensure repayment of the mortgage loan, and provided for acceleration of the mortgage loan and foreclosure in the event of a default.

18. Said Deed of Trust is recorded among the land records of the Chesterfield County Circuit Court in Deed Book 13977 at page 0864 as Instrument # 220024907, and a true and accurate copy thereof is attached hereto as **Exhibit B**.

19. In 2023, Danzey's May 31, 2022 mortgage loan was in arrears.

20. In order to cure said arrearage, Danzey entered into a subordinate mortgage loan with HUD, and transferred the arrearage from her purchase-money (May 31, 2022) mortgage loan mortgage loan to her new mortgage loan with HUD.

21. As part of her September 22, 2023 mortgage loan with HUD, Danzey executed a promissory note for $58,242.40 payable to the Secretary of HUD, and a "Partial Claim Deed of Trust" in favor of the Secretary of HUD.

22. Said Partial Claim Deed of Trust granted a security interest in the Property to the Secretary of HUD to ensure repayment of the September 22, 2023 promissory note payable to the Secretary of HUD.

23. The September 22, 2023 Partial Claim Deed of Trust is recorded among the land records of the Chesterfield County Circuit Court in Deed Book 14381 at page 0937 as Instrument # 230029388, and a true and accurate copy thereof is attached hereto as **Exhibit C**.

24. Samuel I. White, P.C. is the named trustee of the aforesaid Partial Claim Deed of Trust.

25. On December 14, 2023, Briarwood Court Associates LLC t/a Briarwood Court

Apartments had a judgment entered in its favor against Danzey for $1,890.41 with interest due thereon at 6% plus $64.00 in costs and $472.60 in attorneys' fees.

26. Said judgment was originally entered in the City of Richmond General District Court, but was docketed in the Chesterfield County Circuit Court on February 14, 2024. A true and accurate copy of said judgment is attached hereto as **Exhibit D**.

27. Once docketed in the Circuit Court, the December 14, 2023 judgment became a lien against the Property.

28. On January 10, 2024, Rountrey Community Association Inc. had a judgment entered in its favor against Danzey for $475.00 with interest due thereon at 6% plus $62.00 in costs and $118.75 in attorneys' fees.

29. Said judgment was originally entered in the Chesterfield County General District Court, but was docketed in the Chesterfield County Circuit Court on March 5, 2024. A true and accurate copy of said judgment is attached hereto as **Exhibit E**.

30. Once docketed in the Circuit Court, the January 10, 2024 judgment became a lien against the Property.

31. The May 31, 2022 Deed of Trust (Exhibit B) initially named Mortgage Electronic Registration Systems (MERS) as its beneficiary.

32. Via an "Assignment of Deed of Trust" dated February 26, 2024, MERS assigned its interest in the May 31, 2022 Deed of Trust (Exhibit B) to LoanDepot.

33. Said assignment is recorded among the land records of the Chesterfield County Circuit Court in Deed Book 14488 at page 0150 as Instrument # 240005159, and a true and accurate copy thereof are attached hereto as **Exhibit F**.

34. Via an Appointment of Substitute Trustee dated April 2, 2024, LoanDepot removed the original Trustee of the May 31, 2022 Deed of Trust (Exhibit B) and appointed Trustee Services of

Virginia, LLC as the Substitute Trustee.

35. Said Appointment of Substitute Trustee is recorded among the land records of the Chesterfield County Circuit Court in Deed Book 14521 at page 0539 as Instrument # 240009576, and a true and accurate copy thereof is attached hereto as **Exhibit G**.

36. Upon information and belief, there no other persons or entities that currently have an interest in the Property that would be considered a necessary party to this matter.

## Count I - Request for a Judicial Sale

37. The Plaintiffs hereby restate and incorporate in full paragraphs 1 through 36 above.

38. In November of 2023, Danzey's purchase-money mortgage loan with LoanDepot fell into default again for nonpayment.

39. Due to said loan default, a notice of default/breach letter was sent to Danzey on January 19, 2024, the default was not cured, and the balance of the May 31, 2022 mortgage loan has been accelerated.

40. In order to collect the accelerated balance of the May 31, 2022 mortgage loan, LoanDepot wishes to exercise its rights in the Property by having the Substitute Trustee of the May 31, 2022 Deed of Trust execute the power of sale provision found within the Deed of Trust. See Exhibit B § 22.

41. An exercise of the power of sale provision that is contained in the May 31, 2022 Deed of Trust would typically require a public foreclosure (nonjudicial) sale for the Property held by the substitute trustee of the Deed of Trust.

42. However, because the Secretary of HUD also has a security interest in the Property via its Partial Claim Deed of Trust (Exhibit C), a judicial sale is required.

43. Case law out of the United States Court of Appeals for the Eighth Circuit has specifically held that a non-judicial sale cannot and does not clear title to real property against

which liens are held by the United States.  See *Show Me State Premium Homes, LLC v. McDonnell*, 74 F.4th 911 (2023).

44.     In *Show Me*, the Eighth Circuit held that a state tax sale for real property did not clear title to that property, in which the United States' Department of Housing and Urban Development held security interests via the liens of its two mortgages loans, because there was no judicial action wherein the United States was a party.

45.     In *Show Me*, the Court of Appeals reasoned that,

> "[28 U.S.C. § 2410] waives sovereign immunity for, among other things, "civil action[s] ... to foreclose a mortgage or other lien." *Id.* § 2410(a)(2). But, according to the statute, there must be a "judicial sale" first. *Id.* § 2410(c)". *Id.* at 913.

46.     Without a judicial action, in which the United States is a party, followed by a judicially-authorized sale, the liens of the United States remain undisturbed against the real property that is sold.

47.     Furthermore, even with a judicial sale occurring, the Secretary of HUD is statutorily entitled a one-year redemption period pursuant to 28 U.S. Code § 2410(c).  Said redemption period interferes with the ability to sell the Property free and clear of all liens and encumbrances.

48.     A sale of the Property with clear title and no redemption period, will bring the highest and best price for the Property.

49.     The Plaintiffs now respectfully ask this Honorable Court, pursuant to 28 U.S. Code § 2201, to authorize a judicial sale of the Property so that (i) the Secretary of HUD is given and receives sufficient due process with respect to her security interest in the Property, (ii) the Secretary of HUD can protect her interests in the Property, and (iii) the Property can be sold free and clear of all liens and claims.

WHEREFORE, for the reasons so stated above, the Plaintiffs by counsel respectfully request that (i) the Court find that the Secretary of HUD has a security interest in the Property; (ii)

the Court find that a judicial sale of the Property is necessary in order to clear the lien against the Property held by the Secretary of HUD; (iii) the Court enter an Order that appoints a Special Commissioner and charges that Special Commissioner with selling the Property free and clear of all liens for fair market value after having the Property listed with a Virginia-licensed real estate agent or broker; (iv) the Court approve a Contract of Sale for the Property after the Court is satisfied that the price offered is fair and reasonable; (v) the Court then authorize the Special Commissioner to convey the Property to the buyer(s) on behalf of Danzey via a Special Commissioner's Deed; (vi) the Court authorize, from the proceeds of the sale, the payment, at closing, of the real estate agent's commission and the Special Commissioner's fees, the payment of pro rata property taxes and the Grantor's recording taxes and fees; (vii) the Court also authorize, from the proceeds of the sale, the payment, at closing, of the balance of the May 31, 2022 mortgage loan held by LoanDepot (Exhibit B), and then the payment of the balance of the September 22, 2023 partial claim mortgage loan held by the Secretary of HUD (Exhibit C) to the extent funds from the sale of the Property are available, and then the payment of the balance of the December 14, 2023 judgment held by Briarwood Court Associates LLC (Exhibit D) to the extent funds from the sale of the Property are available, and then the payment of the balance of the January 10, 2024 judgment held by Rountrey Community Association Inc. (Exhibit E) to the extent funds from the sale of the Property are available, and then the payment of Danzey with the remaining funds to the extent funds from the sale of the Property are available; (viii) the Court enter an Order waiving the one-year redemption period that the Secretary of HUD entitled to pursuant to 28 U.S. Code § 2410(c); and (ix) the Court grant the Plaintiffs such further relief as the Court deems necessary and/or appropriate.

        Respectfully submitted,

        **LOANDEPOT.COM, LLC**
          *and*
        **TRUSTEE SERVICES OF VIRGINIA, LLC**
           *by Counsel*

September 26, 2024         /s/ Robert Oliveri
        Robert Oliveri, Esquire (VSB #47247)
        BROCK & SCOTT, PLLC
        484 Viking Drive, Suite 170
        Virginia Beach, Virginia 23452-7321
        757-255-5286 (direct)
        703-840-4279 (facsimile)
        robert.oliveri@brockandscott.com
        *Counsel for the Plaintiffs*